**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MELVIN WHITE, | : | |
| | : | |
| Appellant | : | No. 3162 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1106081-1979

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:                           **FILED OCTOBER 21, 2019**

Melvin White appeals, *pro se*, from the order entered September 21, 2018, in the Court of Common Pleas of Philadelphia County denying, without a hearing, his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  In this timely appeal, White claims the PCRA court erred in:  (1) denying scientific evidence regarding brain science as meritless; and (2) failing to apply the United States Supreme Court's decisions in ***Miller v.***

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

***Alabama***, 567 U.S. 460 (2012),[2] and ***Montgomery v. Louisiana***, ––– U.S. ––––, 136 S.Ct. 718 (2016).[3] After a thorough review of the parties' briefs, certified record, relevant law, we affirm.[4]

We briefly summarize the facts and procedural history as follows. On October 29, 1979, when White was 23 years old, he and a co-defendant decapitated White's common-law wife in front of their two young children, then displayed the severed head to the police. On April 4, 1983, a jury found White guilty of first-degree murder. The trial court sentenced White to life imprisonment for the murder conviction. This Court affirmed the judgment of

---

[2] The ***Miller*** Court held that mandatory sentences of life imprisonment without parole for minors were unconstitutional, due to the immaturity of a minor's brain development.

[3] The ***Montgomery*** Court held that the ***Miller*** decision was entitled to retroactive application on collateral review.

[4] White appears to assert the PCRA court erred in not granting his request for an extension of time to file a response to the Pa.R.Crim.P. 907 notice. However, for the reasons discussed below, we find the claim does not merit relief. This Court has held the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 n.2 (Pa. Super. 2016). Given this, we fail to see how the failure to grant an extension of time to file a response to a Rule 907 notice in a case where the PCRA petition is plainly untimely is reversible error. Moreover, our review of White's brief demonstrates that his proposed response was merely a reiteration of his contention that ***Miller***/***Montgomery*** should apply to him, a declaration that we will discuss in detail below. Further, White argues the PCRA court erred in not ordering him to file a Pa.R.A.P. 1925(b) statement; this averment lacks merit because the PCRA court is not required to issue such an order. ***See*** Pa.R.A.P. 1925(b).

sentence on March 29, 1985. ***Commonwealth v. White,*** 494 A.2d 487 (Pa. Super. 1985). The Pennsylvania Supreme Court denied *allocatur* on July 25, 1985. White subsequently filed two PCRA petitions.

On March 29, 2016, White filed the instant PCRA petition, his third, claiming although he was 23 years old at the time of his wife's murder, and although ***Miller*** only applies to those defendants who were under the age of 18 at the time of the crime, he should be entitled to relief because scientifically, his brain was not fully developed. On January 26, 2017, White filed an amended PCRA petition. On August 20, 2018, the PCRA court issued a Rule 907 notice of intent to dismiss. On September 7, 2018, White filed a motion for extension of time to file a response to the Rule 907 notice, upon which the court did not rule.[5] On September 21, 2018, the PCRA court dismissed the petition as untimely filed. On October 19, 2018, White filed the instant, timely appeal. The PCRA court did not order White to file a concise statement. On October 19, 2018, the PCRA court issued an opinion.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, that White's petition was untimely. We agree. A petitioner must

---

[5] On September 25, 2018, White file a response to the Rule 907 notice.

file a PCRA petition within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

White's judgment of sentence became final on September 25, 1985, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for writ of *certiorari* before the United States Supreme Court expired. **See** U.S.Sup.Ct. Rule 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until September 25, 1986, to file a timely PCRA petition.[6] The one before us, filed March 29, 2016,[7] is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-

---

[6] We recognize the 1995 amendments to the PCRA provided a one-year grace period for a petitioner to file a first petition when his judgment of sentence was final before the effective date of the amendment, that is, January 16, 1996. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 n.2 (Pa. 2010). The present petition, however, is White's third, and, in any event, he filed it approximately 20 years later.

[7] Although White filed his petition in March 2016, for reasons that are not apparent from the record, the PCRA court did not take any action on the petition until late August 2018.

(iii).    Here, White contends his petition meets the newly recognized constitutional right exception, which provides an avenue for relief if the petitioner pleads and proves:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).  For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[8]  **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.  Here, White asserts the combination of the U.S. Supreme Court decisions in **Miller** and **Montgomery** satisfies the timeliness exception.

As noted above, White has claimed entitlement to the application of **Miller**/**Montgomery** because, at 23 years old at the time of his crime, his brain had not fully developed as described by the Supreme Court in **Miller**. However, in a recent, *en banc* decision, this Court considered and rejected this very argument.  **Commonwealth v. Lee**, 206 A.3d 1 (Pa. Super. 2019) (*en banc*).

---

[8] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.  Accordingly, the one-year extension does not apply to White's March 29, 2016 petition.

In ***Lee***, the defendant was 18 years and nine-months old when she was involved in a robbery that resulted in the death of the victim. ***Id.*** at 3. Relying on ***Miller***/***Montgomery***, the defendant filed a PCRA petition arguing that she was a "virtual minor" at the time of the crime and "the rationale underlying the ***Miller*** holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the ***Miller*** Court, provides support for extending the benefit of ***Miller*** to her case." ***Id.*** A panel of this Court disagreed, stating:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 222 (1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." ***Id.***
>
> We recognize the vast expert research on this issue. If this matter were one of first impression and on direct appeal, we might expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude, as we did in ***Commonwealth v. Montgomery*** [181 A.3d 359 (Pa. Super. 2018)], [***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016)], and [***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013) *abrogation on other grounds recognized in* ***Furgess***, *supra* at 94], that age is the sole factor in determining whether ***Miller*** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

***Lee***, ***supra*** at 11 (footnote omitted). Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider White's third PCRA petition. Pursuant to ***Lee***, we affirm the PCRA court's order denying White relief.

- 6 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/19